UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TIMOTHY CHILDERS,

        Petitioner,         Case No. 14-CV-11250
                                               Honorable Terrence G. Berg

v.

KEN ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. 1) AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Timothy Childers is presently incarcerated at the Macomb Correctional Center in New Haven, Michigan. He challenges his plea-based convictions for breaking and entering a building with intent to commit a felony or larceny and for second-degree home invasion. Petitioner argues that his plea was involuntary and that he received ineffective assistance of counsel. As discussed below, the Court finds these arguments to be unfounded, and the petition is therefore **DENIED**.

## I. BACKGROUND

Petitioner was charged in Shiawassee County Circuit Court with breaking and entering with intent to commit larceny in violation of Mich. Comp. Laws § 750.110, and second-degree home invasion in violation of Mich. Comp. Laws § 750.110a(3). The charges arose from home break-ins that Petitioner and his co-defendant, Kent VanDesande, committed in September 2011.

During a pretrial hearing on February 27, 2012, the prosecutor placed on the record a plea offer that had been extended to and rejected by Petitioner. The plea offer provided that Petitioner could plead guilty both to breaking and entering a building with intent to commit a felony or larceny and to second-degree home invasion in exchange for dismissal of a possession of burglar's tools charge, and an agreement not to amend the information to include a criminal enterprise charge and not to charge any additional home invasions that occurred in Shiawassee County. Dkt. 7, Ex. 2, pp. 3-4 (Pretrial Hearing Transcript, Feb. 27, 2012). The following week, on March 6, 2012, Petitioner pleaded guilty pursuant to the previously-rejected plea agreement. Dkt. 7, Ex. 3 (Plea Hearing Transcript, March 6, 2012). On April 18, 2012, the trial court sentenced Petitioner in accordance with the plea agreement to eight to twenty years' imprisonment for the breaking and entering conviction, and to ten to twenty-two years' imprisonment for the second-degree home invasion conviction. These sentences run concurrently with each other, but consecutive to a prior sentence from which Petitioner had been paroled (Petitioner was on parole for a previous home-invasion conviction when he committed the crimes at issue in this case).

Petitioner filed a motion to withdraw his plea because it was involuntary or for a hearing on the grounds that his attorney rendered ineffective assistance. The trial court conducted a hearing on the motion, and ultimately denied it. Dkt. 7, Ex. 6, (Motion Hearing Transcript, April 19, 2013).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, arguing that his plea was involuntary and illusory, that his attorney was ineffective, that the prosecutor committed misconduct, and that the court miscalculated the sentencing guidelines. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." Dkt. 7, Ex. 7 (*People v. Childers*, No. 316048 (Mich. Ct. App. Oct. 14, 2013)). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. Dkt. 7, Ex. 8 (*People v. Childers*, 495 Mich. 936 (2014)).

Petitioner then filed the pending habeas petition, arguing that his counsel was ineffective for a number of reasons and that the prosecutor's plea-negotiation tactics amounted to coercion.

## II. ANALYSIS

### A. *Standard of Review*

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court of the United States' cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,'" however, "the state court's decision must have been more than incorrect or erroneous. … [it] must have been 'objectively unreasonable.'" *Id.* at 520-21 (citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Section 2254(d)(1) limits a federal court's habeas review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. However, this "does not require citation of [Supreme

4

Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Relatedly, "while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Finally, in a habeas review a federal court must presume the correctness of state-court factual determinations, see 28 U.S.C. § 2254(e)(1), and a petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Put differently, only factual determinations that are "objectively unreasonable in light of the evidence presented in the state-court proceeding" will be overturned. *McKinney v. Ludwick*, 649 F.3d 484, 488 (6th Cir. 2011) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

### B. Discussion

Petitioner challenges his plea-based convictions on the grounds that his plea was involuntary because his attorney rendered ineffective assistance, and that the prosecutor coerced him into entering a plea both by threatening to bring additional charges not supported by probable cause and by misrepresenting the charged counts in the plea offer.

5

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States,* 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002). If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).

Petitioner argues that his plea was involuntary because his attorney performed ineffectively by incorrectly advising him that a home invasion charge would be dismissed under the plea agreement; by failing to file a pre-trial motion to exclude evidence regarding a global positioning satellite (GPS) navigation device found in a vehicle; by telling him that he would avoid a criminal enterprise charge by entering a plea even though the facts of this case did not support such a charge; and by

6

incorrectly advising him that the prosecutor would not file five additional counts of home invasion if Petitioner entered a plea.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

7

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In guilty-plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

First, Petitioner argues that his attorney incorrectly advised him that a home invasion charge would be dismissed under the plea agreement. Defense counsel may be deemed ineffective for misadvising a defendant about the sentencing consequences of a plea offer. *See Smith*, 348 F.3d at 553-54. But a trial court's proper plea colloquy ordinarily cures any misunderstandings that a defendant might have about the consequences of a plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). In cases challenging the voluntariness of a plea agreement, a petitioner is bound by any in-court statements made regarding the petitioner's understanding of the plea. *See id.*

8

at 564. "If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless. . . . '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'" *Id.* at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Here, the trial court engaged Petitioner in a detailed plea colloquy, during which the trial court specified that the agreement provided for dismissal of possessing burglar tools and that the prosecutor would not pursue additional charges of criminal enterprise and up to five additional home invasions. To the extent that Petitioner's attorney may have misled him into believing another home invasion charge would be dismissed under the plea agreement, the trial court's accurate summary of the plea and Petitioner's indications at the plea hearing that he understood the terms of the plea as outlined by the trial court cured any misunderstandings about the plea that Petitioner might have had.

Second, Petitioner argues that his attorney was ineffective in failing to file a pre-trial motion to exclude evidence regarding a GPS navigation device that was found in his car. The prosecutor expressed an intent to use this evidence to link Petitioner and his co-defendant to other home invasions. Petitioner argues that his attorney should have sought to exclude the GPS-related evidence because his co-defendant, not Petitioner, owned the GPS device. Given that Petitioner admitted during his plea hearing that he and his co-defendant drove in the same vehicle to the locations where they committed the crimes at issue in this case, counsel reasonably could have

9

concluded that it would have been futile to seek to exclude the GPS-related evidence on the basis that Petitioner did not own the GPS. Assuming it could be authenticated, such evidence would appear to have been relevant regardless of who actually owned the GPS device. There is no arguable basis for finding counsel was ineffective in this regard.

Next, Petitioner argues that his attorney incorrectly advised him that he would avoid a criminal enterprise charge by entering a plea. Petitioner claims that such a charge was unsupported by the circumstances. Mich. Comp. Laws § 750.159i(1) states:

> A person employed by, or associated with, an enterprise shall not knowingly conduct or participate in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity.

Mich. Comp. Laws § 750.159i(1).

"Racketeering" is defined, in pertinent part, as:

> [C]ommitting, attempting to commit, conspiring to commit ... an offense for financial gain, involving any of the following:
>
> * * *
>
> (n) A violation of section 110 or 110a,[] concerning breaking and entering or home invasion.

Mich. Comp. Laws § 750.159g (footnote omitted).

At his plea hearing, Petitioner admitted that he carried out a home invasion and breaking and entering, acting in concert with co-defendant VanDesande, and employing a similar method at each house. He was also a suspect in at least five other

10

home invasions. During his sentencing, the prosecutor represented that Petitioner admitted his involvement in numerous other home invasions throughout the county. Based upon this information, the Court finds no support for Petitioner's argument that the facts of this case did not support the criminal enterprise charge; counsel was not ineffective in his advice regarding this charge.

Finally, Petitioner argues that counsel incorrectly advised him that the prosecutor would not file five additional counts of home invasion if he entered a plea. Petitioner fails to explain this claim. He does not claim that he was charged with these offenses. The record, including Petitioner's own statements to police, supports a finding that Petitioner reasonably could have been charged with numerous additional home invasions. *See* Dkt. 7, Ex. 5, p. 16 (Sentencing Hearing Transcript, April 18, 2012). Moreover, to the extent that Petitioner claims that the prosecutor improperly used the threat of additional first-degree home invasion charges and a criminal enterprise charge to induce Petitioner to plead guilty, that claim is meritless. "[I]t is not inappropriate for a prosecutor to threaten a defendant with additional charges in order to convince him to sign a plea agreement." *United States v. Jones*, 489 F. App'x 57, 61 (6th Cir. 2012), *citing United States v Goodwin*, 457 U.S. 368, 377-78 & n.10 (1982); *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). There is no indication that the threat of additional charges was inappropriate in this case. Nor is there any evidence to support Petitioner's claim that the prosecutor misrepresented the charges against him.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court denies Petitioner a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is **DENIED**. A certificate of appealability is also **DENIED**.

Dated: October 11, 2016            s/Terrence G. Berg
                                             TERRENCE G. BERG
                                             UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 11, 2016, using the CM/ECF system, which will send notification to all parties.

                                             s/A. Chubb
                                             Case Manager